UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MERCURY CASUALTY COMPANY, a California Corporation, as Subrogee of RICHARD and KATHRYN SCHLENKER; RICHARD SCHLENKER, individually; and KATHRYN SCHLENKER, individually, | No. 2:08-cv-01374-MCE-KJM |
|---|---|

        Plaintiffs,                    **ORDER**

      v.

CHAR-BROIL, a Division of W.C. BRADLEY COMPANY, a Georgia Corporation; TARGET CORPORATION, a Minnesota Corporation; and DOES 1-100, inclusive,

        Defendants.

----oo0oo----

In bringing this action, Defendants seek damages resulting from a residential fire that occurred on or about July 26, 2005 when a barbecue ignited and burned portions of a home owned by Defendants Kathryn and Richard Schlenker and insured by Defendant Mercury Casualty Group.  Defendant Char-Broil was sued as the manufacturer of the allegedly defective barbecue.

1

1   Defendant Char-Broil now moves, under Federal Rule of Civil
2  Procedure 14(a),[1] to file a Third Party Complaint against S.H.
3  Leggitt Company, a Michigan Corporation which purportedly does
4  business under the assumed name of Marshall Gas Controls, Inc.
5  ("Leggitt").  According to Char-Broil, it recently ascertained
6  through discovery responses that Plaintiffs attribute the fire to
7  a failure of the diaphragm at the pressurized side of the
8  barbecue's regulator valve.  Because Char-Broil claims it
9  purchased the regulator valve used in the barbecue at issue from
10 Leggitt, it now seeks to bring Leggitt into this litigation as an
11 additional potentially responsible party for the damages sought
12 by Plaintiffs in their lawsuit.
13    Rule 14 permits parties to bring a lawsuit against, or
14 "implead," a third party who is not already a party to the
15 lawsuit in order to transfer liability being asserted against it
16 in the underlying lawsuit.  Specifically, Rule 14 provides:

> "at any time after commencement of the action, a
> defending party, as a third-party plaintiff, may cause
> a summons and complaint to be served upon a person not
> a party to the action who is or may be liable to the
> third-party plaintiff for all or part of the
> plaintiff's claim against the third-party plaintiff."
> (F.R.C.P. Rule 14(a)).

21 The District Court has broad discretion in determining the
22 propriety of a third-party claim under Rule 14.  <u>Sw. Admin., Inc.</u>
23 <u>v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986).  Rule 14
24 is to be construed liberally in favor of allowing impleader.
25 <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389, 393 (1st
26 Cir. 1999).

---

[1] All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

1       Given Plaintiffs' contention that a regulator valve

2   manufactured by Leggitt contributed to the barbecue fire that

3   caused the damages claimed through this lawsuit, Char-Broil would

4   have grounds to file a separate lawsuit against Leggitt for

5   contribution and indemnity.  Accordingly, a third-party complaint

6   against Leggitt is proper, and Char-Broil's Motion for Leave to

7   File Third Party Complaint is GRANTED.[2] Char-Broil is directed to

8   file and serve its proposed Third Party Complaint not later than

9   ten (10) days following the date this Order is electronically

10  filed with the Court.

11      Given the impending inclusion of a new party to this

12  lawsuit, the Pretrial (Status) Scheduling Order, filed on

13  October 28, 2008, is hereby vacated, along with all the dates and

14  deadlines contained therein, pending Leggitt's appearance in the

15  litigation.  Within twenty (20) days following such appearance,

16  the parties are directed to submit a new Joint Status Report.  A

17  new Scheduling Order will be issued thereafter.

18      IT IS SO ORDERED.

19
    Dated: April 28, 2009
20

21  _____

22                  MORRISON C. ENGLAND, JR.
                    UNITED STATES DISTRICT JUDGE
23

24

25

26

27      [2] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

                                    3